IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

              **Case No. 4:89cr4013-WS**
vs.              **Case No. 4:06cv30-WS/WCS**

**NORMAN SPRATLEY,**

 **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON "NOTICE OF APPEAL"

Defendant Spratley filed a document titled a "Notice of Appeal," referencing Fed.R.App.P. 4 and 24, and 28 U.S.C. § § 1291 and 1292. Doc. 405. The first sentence refers to "this application for Certificate of Appealability . . . ." *Id.*, p. 1. Defendant claims that United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) applies to his case. *Id.*, pp. 2-4.

This Defendant has already had a direct appeal and thereafter appealed the denial of post conviction relief. Docs. 220, 360, 361, 390.[1] Most recently, this court

---

[1] The court references the document numbers from the docket. There is only one volume of the file before the court, the rest is in archives. Due to the age of the case, most documents were not electronically scanned.

denied a certificate of appealability by order entered on the docket on September 20, 2001. Doc. 389. The Eleventh Circuit also denied relief. Doc. 390 (docketed in this court on November 14, 2001). There is nothing for Defendant to appeal.

Relief, if any, is available to Defendant pursuant to 28 U.S.C. § 2255. A previous § 2255 motion was summarily dismissed as a second or successive motion, but this may have been in error in light of <u>Castro v. United States</u>, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003).[2]

Defendant may wish to file a § 2255 motion raising all claims.[3] If he does, the court will order the file from archives to determine conclusively whether or not it is a second or successive motion, or otherwise subject to summary dismissal. If summary dismissal is not appropriate then Government will be required to respond and Defendant will have the opportunity to reply.

---

[2] According to the docket, the undersigned entered an report and recommendation in 2001 summarily dismissing a § 2255 as a second or successive motion. Doc. 374. The court's draft of this document (maintained in WordPerfect) reflects that Defendant raised a claim under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), and argued it was not a second or successive motion as his other motion, actually filed under 18 U.S.C. § 3742, had been recharacterized as a 2255. The recommendation noted that recharacterization of the pleading had been made by the Eleventh Circuit, citing docs 361 and 362. The § 3742 motion was denied by the district judge (no report and recommendation was entered), and reconsideration was denied. Docs. 295, 310.

[3] If Defendant files a § 2255 motion he must use the forms provided by the clerk. The motion must be accompanied by two identical copies (including any attachments).

Case Nos. 4:89cr4013-WS and 4:06cv30-WS/WCS

It is therefore **RECOMMENDED** that the "notice of appeal" (doc. 405), also seeking a certificate of appealability, be **SUMMARILY DENIED** as there is nothing to appeal. The clerk is directed to **FORWARD** four § 2255 motion forms to Defendant.

**IN CHAMBERS** at Tallahassee, Florida, on July 5, 2006.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**