IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

vs.
                                      Case No. 4:89cr4013-WS
                                      Case No. 4:06cv358-WS/WCS

NORMAN SPRATLEY,

    Defendant.

_____/


### REPORT AND RECOMMENDATION TO DISMISS AMENDED § 2255 MOTION

       Pursuant to court order, doc. 408, Defendant filed an amended 28 U.S.C. § 2255 motion. Doc. 412. The file was received from archives on September 5, 2006. Docket entry 413.

       As previously explained, review of the archived file was necessary in order to determine whether this was a second or successive § 2255 motion. Doc. 414, p. 1; doc. 406, p. 2 and n. 2. It was determined in an order, doc. 414, that the recharacterization of Defendant's 1996 motion (filed under 18 U.S.C. § 3742) as a § 2255 motion was not in compliance with Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), so a later filing should not have been deemed a second or successive motion. Doc. 414, p. 4 (noting that a subsequent § 2255 memorandum, summarily

dismissed as second or successive, "presumably also does not count as an initial § 2255 motion."). *Cf* Williams v. United States, 491 F.3d 1282, 1284 and n. 1 (11th Cir. 2007) (assuming, but expressly not deciding, that 1996 motion pursuant to Fed.R.Crim.P. 35 and 18 U.S.C. § 3742, which had been recharacterized as a § 2255 motion, did not count to trigger the restrictions on successive filings), citing Castro and Outler v. United States, 485 F.3d 1273 (11th Cir. 2007).  Document 414 is incorporated herein by reference.  This § 2255 motion should, therefore, be deemed to be a first § 2255 motion.

The Government filed an opposition to the current motion.  Doc. 415.  Defendant filed a reply.  Doc. 417.

Defendant challenges his 1989 conviction and sentence, asserting a violation of the Sixth Amendment as he was sentenced based on findings made by the court (using the PSR) rather than determined by the jury beyond a reasonable doubt.  Doc. 412, p. 3 (grounds one and two).  He asserts that the indictment did not charge all essential elements of the offense, as "[t]he Conspiracy Count (1) simply alleged violation of Title 21 [U.S.C. §] 841(a)(1) [and] there is no reference to the penalty provisions of § 841(b)" which are elements of the offense.  *Id.*, p. 4.  For relief, Defendant seeks a sentence in the range of 135-168 months.

Defendant clearly relies on Apprendi and its progeny.  Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159

L.Ed.2d 403 (2004) (applying Apprendi to a sentence enhanced under state sentencing guidelines; United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (applying Apprendi and Blakely to the Federal Sentencing Guidelines).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one year limitations for filing a § 2255 motion.  The time runs from the latest of:

  (1) the date on which the judgment of conviction becomes final;

  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255, ¶ 6(1)-(4).

Under § 2255 ¶ 6(1), the motion is clearly untimely.  As Defendant's judgment became final before April 24, 1996 (the effective date of the AEDPA), he had a one year grace period from that date to file.  Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998).

The Government argues that the latest possible date to commence the period was the date of the Booker opinion under ¶ 6(3), and the motion was filed more than one year after Booker was decided.  Doc. 415, p. 2.  It is also argued that Booker does not apply retroactively on collateral review in this circuit,[1] and that the superseding

---

[1] The Government notes that the Supreme Court granted certiorari on the retroactivity question.  *Id.*  The Supreme Court ultimately did not decide whether Blakely decided a new rule retroactively applicable on collateral review, finding instead that the

indictment specified that the conspiracy involved more than 50 grams of cocaine base as required by Apprendi and Blakely.  Id.[2]  The Government also asserts that, even reviewing for plain error (as an unpreserved Booker claim is reviewed on direct appeal), Defendant is not entitled to relief.  Id., pp. 2-3.

Defendant responds that he "submitted several motions saying the enhancements were illegal and unconstitutional, see Initial Appeal Eleventh Circuit No. 89-40444 [sic[3]], Appeal from District Court 96-2613, and Memorandum of Points and Authorities 4:01cv125-WS."  Doc. 417, p. 1.  He claims the issues now presented were "foreshadowed by the previous motions which were submitted prior to the [AEDPA], and improperly recharacterized that allow defendant the opportunity to pursue the aforementioned cause [28] U.S.C. § 2255 in seeking relief."  Id., p. 2.

At the outset, the recharacterization of Defendant's earlier § 3742 motion as a § 2255 motion did not constitute an impediment to filing which would trigger a new starting date under § 2255 ¶ 6(2).  Williams, 491 F.3d at 1284; Outler, 485 F.3d at 1279.  And

---

district court lacked jurisdiction as the petitioner was never authorized to file a second or successive petition.  Burton v. Stewart, __ U.S. __, 127 S.Ct. 793, 794, 166 L.Ed.2d 628 (2007) (per curiam).

[2] The superseding indictment did specify that the conspiracy was to possess with intent to distribute "in excess of 50 grams of a substance containing cocaine base, commonly known as 'crack cocaine', a controlled substance being in violation of Title 21, United States Code, Section 841, all in violation of Title 21, United States Code, Section 846."  Doc. 53, p. 1 (count one).  It also specified that the substantive charge of possession with intent to distribute and distribution of crack cocaine was for less than five grams.  Id., p. 4 (ground six).  The jury found Defendant guilty as charged in grounds one and six.  Doc. 138.

[3] The number assigned to the direct appeal was 89-4044.

the Castro opinion did not trigger a new starting date under § 2255 ¶ 6(3). Williams, 491 F.3d at 1284, n. 2; Outler, 485 F.3d at 1280.[4]

Defendant's argument that he has raised these claims before, and so is not time barred now, is unpersuasive. Defendant was not entitled to relief before, and he is not entitled to relief now. Further, now his motion is untimely. Case number 4:01cv125-WS was the civil case number assigned to the § 2255 motion filed in 2001, in which Defendant asserted entitlement to relief under Apprendi. Doc. 371. That motion was summarily dismissed as an unauthorized second or successive motion. Docs. 374, 376-377. The court referenced In re Joshua, 224 F.3d 1281 (11th Cir. 2000), where the Eleventh Circuit denied authorization to file a second or successive motion as the Supreme Court had not made Apprendi retroactive on collateral review. Doc. 374, p. 2.

Had this court not dismissed the motion filed in 2001 as unauthorized, relief still would not have been granted as Apprendi did not apply retroactively to Apprendi claims raised in an initial § 2255 motion. McCoy v. United States, 266 F.3d 1245, 1247-58 (11th Cir.), *cert. denied*, 536 U.S. 906 (2001), *applying* Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (other citations omitted). Prior to Blakely, it had been held in this and every other circuit that Apprendi did not apply to calculations of the guidelines within the statutory maximum. United States v. Duncan, 400 F.3d 1297, 1308 (11th Cir.), *cert. denied,* 126 S.Ct. 432 (2005) (collecting cases). Even after Blakely, district courts in this circuit were instructed to "continue to sentence pursuant to

---

[4] Defendant does not make an equitable tolling argument here. It is noted however that in Williams and Outler the Eleventh Circuit found that recharacterization of the prior motions did not warrant equitable tolling of the one year period. 491 F.3d at 1284-87; 485 F.3d at 1280-85.

the Guidelines until such time as the Supreme Court rules on this issue." United States v. Reese, 382 F.3d 1308, 1312 and n. 2 (11th Cir. 2004) (noting in the footnote that oral argument had been scheduled in Booker), *cert. granted and judgment vacated in light of Booker*, 543 U.S. 1114, 125 S.Ct. 1089, 160 L.Ed.2d 1058 (2005).

And still, the rule in this circuit is that Booker and Blakely do not apply retroactively on collateral review. Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied,* 546 U.S. 924 (2005). *See also*, United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir.2005) ("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."). As "the right asserted" has never been "made retroactively applicable to cases on collateral review," the one year was not commenced anew under the plain language of § 2255 ¶ 6(3). *See also* Dodd v. United States, 545 U.S. 353, 358, 125 S.Ct. 2478, 2482, 160 L.Ed.2d 621 (2005) ("¶ 6(3)'s date – 'the date on which the right asserted was initially recognized by the Supreme Court' – does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied."). As Apprendi, Blakely, and Booker do not apply retroactively on collateral review, the motion provides no basis for relief in addition to being untimely.

Case Nos. 4:89cr4013-WS and 4:06cv358-WS/WCS

It is therefore respectfully **RECOMMENDED** that the § 2255 motion (doc. 412) be **DENIED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on October 12, 2007.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**